IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 17-cv-02887-PAB-STV

JULIE CARLSON,

    Plaintiff,

v.

TOWN OF MOUNTAIN VILLAGE, COLORADO,
ANTHONY MORABITO,
CHRIS BROADY,
KIP ALBANESE,
NATHAN SANTOS,
TOM HALPER,
CHRIS WHITE,
JOSHUA M. KLIMASEWISKI,
ALISIA KLIMASEWSKI,
COLLEEN MAHONEY,
TELLURIDE R-1 SCHOOL DISTRICT, in its local capacity,
VIRGINIA ACHTER,
BRIAN Y. CARLSON,
APEX CONSTRUCTION, LLC, a Colorado Limited Liability Company,
CONNECT SKIS, LLC, a Colorado Limited Liability Company,
JOHN DOE DEFENDANTS ONE THROUGH FIVE,
MARY DOE DEFENDANTS ONE THROUGH FIVE, and
DOE INSTITUTIONAL DEFENDANTS ONE THROUGH FIVE,

    Defendants.

___

# ORDER
___

This matter is before the Court on the Motion for Attorneys Fees Pursuant to 28 U.S.C. § 1927 [Docket No. 147] filed by defendants Town of Mountain Village, Colorado (the "Town"), Chris Broady ("Broady"), Nathan Santos ("Santos"), and Kip Albanese ("Albanese") (together, the "Town defendants"), Defendant Brian Y. Carlson's

Motion for Attorney Fees Pursuant to 28 U.S.C. § 1927 [Docket No. 150], and Plaintiff Julie Carlson's Motion for New Trial [Docket No. 157].

I. BACKGROUND

This case arises out of the breakdown of the marriage between plaintiff and defendant Brian Carlson ("Carlson"). On December 27, 2017, plaintiff filed her First Amended Complaint. Docket No. 12. Broadly speaking, the First Amended Complaint alleged that, due to "an unlawful and extortionate conspiracy . . . organized and implemented by her former husband," she was wrongfully jailed and otherwise prevented from having contact with her children. *Id*. at 5-6, ¶ 7. The First Amended Complaint named as defendants Carlson, the Town, and Broady, among others, and asserted three claims for relief against all defendants: (1) damages for violations of the Racketeer Influenced and Corrupt Organizations Act of 1970 ("RICO"), 18 U.S.C. §§ 1961-1968; (2) damages and forfeiture of property under the Colorado Organized Crime Control Act ("COCCA"), Colo. Rev. Stat. §§ 18-17-106 *et seq*.; and (3) injunctive relief. *Id*. at 46-50, ¶¶ 75-87.[1] On January 22, 2018, Carlson filed a motion to dismiss. Docket No. 22. As relevant here, the motion argued that plaintiff failed to state a RICO claim because the First Amended Complaint did not plausibly establish continuity. *Id*. at 11-13. On March 21, 2018, the Town and Broady filed a motion to dismiss making the same argument. Docket No. 36 at 6-8. Plaintiff filed responses to both motions, Docket Nos. 31 and 46, and Carlson, the Town, and Broady filed replies. Docket Nos. 32 and 48.

---

[1] Broady is the Town's Chief of Police. Docket No. 137 at 2.

On June 17, 2018, plaintiff filed a motion for leave to file a Second Amended Complaint, Docket No. 53, which Carlson, the Town, and Broady opposed. Docket Nos. 57 and 58. Magistrate Judge Scott T. Varholak granted the motion, and plaintiff filed her Second Amended Complaint on August 14, 2018. Docket No. 68. The Second Amended Complaint added an array of additional defendants, including Santos and Albanese, who are police officers employed by the Town. *Id*. at 5, ¶¶ 4F-4G. The thrust of the Second Amended Complaint was the same; plaintiff alleged that, due to "an unlawful and extortionate conspiracy . . . organized and implemented by her former husband," she was wrongfully jailed and otherwise prevented from having contact with her children. *Id*. at 12, ¶ 10.[2] Plaintiff added two additional claims for relief against all defendants: a claim for equitable relief for violations of RICO and a claim for damages under the Civil Rights Acts of 1871, 42 U.S.C. §§ 1981-1988; and (5) injunctive relief. *Id*. at 74-81, ¶¶ 337-361.

Carlson, the Town, and Broady filed motions to dismiss, again arguing that the RICO claims failed to establish continuity. Docket Nos. 72 and 75. On March 25, 2019, the Court entered an order granting the motions to dismiss. Docket No. 137. The Court held that (1) plaintiff's RICO claims failed to establish continuity, (2) plaintiff's COCCA claim failed to plausibly allege the existence of an enterprise, and (3) plaintiff's § 1983 claim failed to state a claim against Carlson, Broady, or the Town. *Id*. at 9-16. The same day, twenty-seven minutes after the Court issued its order, plaintiff

---

[2] A more thorough background of plaintiff's allegations can be found in the Court's order granting motions to dismiss filed by Carlson, the Town, and Broady. *See* Docket No. 137 at 2-4.

filed a "notice of dismissal" of the case pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). Docket No. 138.

On April 26, 2019, the Town defendants filed a motion seeking attorney's fees pursuant to 28 U.S.C. § 1927 from plaintiff's counsel, George M. Allen ("Mr. Allen"), as a sanction for his litigation conduct. Docket No. 147. On May 2, 2019, Carlson filed a similar motion seeking attorney's fees pursuant to 28 U.S.C. § 1927 and 42 U.S.C. § 1988(b) from Mr. Allen. Docket No. 150. On May 15, 2019, plaintiff filed a motion styled as a "motion for new trial," requesting that the Court vacate the judgment in this case and the order supporting the judgment, and allow her leave to amend the complaint. Docket No. 157 at 2. Plaintiff stated that the motion "is being submitted to conform to the 28-day deadline prescribed by Rule 59" and that she would "file an appropriate motion with this Court to provide further legal authority and analysis" "next week." *Id.* at 4. Plaintiff failed to file any supplemental authority.

On November 7, 2019, Judge Varholak issued an order (the "sanctions order") granting in part and denying in part a motion for sanctions filed by defendants Telluride School District R-1 ("Telluride") and Colleen Mahoney ("Mahoney"). Docket No. 188. Judge Varholak concluded that sanctions were appropriate against Mr. Allen for his pursuit of a meritless RICO claim against Telluride and Mahoney pursuant to both Fed. R. Civ. P. 11 and 28 U.S.C. § 1927 and awarded Telluride and Mahoney "fees and costs incurred since the filing of their motion to dismiss . . . that are attributable to [p]laintiff's RICO claim." *Id*. at 19. However, Judge Varholak concluded that Telluride

4

and Mahoney had not met their burden to show that sanctions were appropriate as to plaintiff's COCCA and § 1983 claims.

## II. MOTION FOR NEW TRIAL

The Court turns first to plaintiff's "motion for new trial." The motion cites Fed. R. Civ. P. 59(a), which permits a court to grant a new trial. Docket No. 157 at 2. There was, however, no trial in this case. *See* Docket No. 137 (order dismissing certain defendants for failure to state a claim); Docket No. 138 (voluntary dismissal of remaining defendants). But Fed. R. Civ. P. 59(e) allows a motion to alter or amend the judgment, and the Court construes plaintiff's motion accordingly. *See Hayes Family Trust v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2007) (noting that a motion "will be deemed a Rule 59(e) motion if it is served within the specified time period and seeks relief appropriate to Rule 59(e)").[3]

Grounds warranting a motion to alter or amend the judgment pursuant to Rule 59(e) include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1203 (10th Cir. 2018) (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). A Rule 59(e) motion is appropriate where "the court has misapprehended the facts, a party's position, or the controlling law," but not to "revisit issues already

---

[3] The Court notes that, in filing this motion, plaintiff failed to comply with the provisions of D.C.COLO.LCivR 7.1(a) and this Court's Practice Standards (Civil Cases), § III.C.1 ("Motions that are . . . filed without a certification pursuant to D.C.COLO.LCivR 7.1(a) may be denied without prejudice or stricken *sua sponte*.").

addressed or advance arguments that could have been raised in prior briefing." *Id*. The decision to grant or deny a Rule 59 motion is committed to the Court's discretion. *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

Plaintiff's motion appears to argue that the judgment should be altered or amended because of new evidence previously unavailable. *See* Docket No. 157 at 3 (arguing that plaintiff's affidavit, submitted with the motion, provides facts sufficient to demonstrate that Carlson conducted an enterprise). Plaintiff's motion, however, fails to explain how or why any of the information contained in her affidavit was unavailable to her at the time of briefing on the motion to dismiss.[4] Indeed, plaintiff appears to confirm that she had access to the information contained in the affidavit prior to the Court's order. *See id*. (stating that because the "actionable conduct" of defendants has been a "moving target," plaintiff had not "thus far" introduced "the entire relevant panoply of facts needed to overcome the shortcomings identified by the Court"). To the extent that plaintiff's affidavit identifies anything that could be construed as "new evidence," plaintiff fails to explain how that new evidence would change the Court's analysis of her RICO, COCCA, and § 1983 claims. *See* Docket Nos. 157 and 157-1.

---

[4] Plaintiff states that her motion "is being submitted to conform to the 28-day deadline prescribed by Rule 59" and that she intends to "file an appropriate motion with this Court to provide further legal authority and analysis." *See* Docket No. 157 at 4. As of this date, plaintiff has not done so. Plaintiff's motion is apparently based on a theory that a party may supplement a motion with new legal arguments by simply filing another motion. This theory is incorrect. A party must put all arguments that it wishes to be considered by the Court in its initial motion. *See Arctic Energy Servs., LLC v. Neal*, No. 18-cv-00108-PAB-KLM, 2018 WL 3159765, at *3 (D. Colo. June 28, 2018) (noting the "requirement that [parties] present their strongest case for relief when the matter is first raised"). Allowing parties to file successive motions introducing new arguments would create disorder for litigants and the Court.

Plaintiff has failed to meet her burden to show that the judgment should be altered or amended pursuant to Rule 59(e). Accordingly, her Rule 59 motion will be denied.[5]

## III. MOTIONS FOR ATTORNEY'S FEES

Both the Town defendants and Carlson seek attorney's fees pursuant to 28 U.S.C. § 1927.[6] Section 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Sanctions under § 1927 are appropriate where an attorney's conduct "manifests intentional or reckless disregard of the attorney's duties to the court," *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987), or where "an attorney is cavalier or bent on misleading the court; intentionally acts without a plausible basis; [or] when the entire course of the proceedings was unwarranted." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1342 (10th Cir. 1998) (quotations and citations omitted). In the Tenth Circuit, sanctions under § 1927 do not

---

[5] Plaintiff also appears to move for permission to amend her complaint to incorporate the facts set out in her affidavit. *See* Docket No. 157 at 2. "If a party seeks to amend a pleading following the [C]ourt's grant of a motion to dismiss, the party must first move to reopen the case under Fed. R. Civ. P. 59(e) or 60(b) and then file a motion under Fed. R. Civ. P. 15 for leave to amend which gives adequate notice of the basis for the proposed amendment." *See Requena v. Roberts*, 893 F.3d 1195, 1208 (10th Cir. 2018) (internal alterations and quotations omitted). Because plaintiff's Rule 59(e) motion fails, there is no basis for a motion to amend the complaint under Rule 15.

[6] Although plaintiff voluntarily dismissed her complaint, the Court retains jurisdiction to impose sanctions. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) (holding that voluntary dismissal does not "terminate[] a district court's authority to impose sanctions").

7

require a finding of bad faith. *See Hamilton v. Boise Cascade Express*, 519 F.3d 1197, 1202 (10th Cir. 2008).[7]

## A. RICO Claims

This would not be the first time that plaintiff's counsel has been sanctioned by this Court for bringing a meritless RICO claim. In *Loncar v. Western Peak, LLC*, No. 08-cv-01592-PAB-CBS, 2011 WL 1211522, at *5 (D. Colo. Mar. 30, 2011), the Court found that Mr. Allen had unreasonably and vexatiously multiplied the proceedings in violation of § 1927, in part by filing a "baseless" RICO claim. Noting that Mr. Allen admitted that he hoped that discovery would allow him to "discover the factual basis for the RICO claim," the Court observed that "it is improper for an attorney to file a RICO claim without factual support on the hope that discovery will support it." *Id*. The Court also ruled that Mr. Allen "failed to perform a reasonable investigation of the legal theories and factual allegations" in the complaint and "persisted in positions defendants demonstrated to be unfounded." *Id*. at *6. As a result, the Court awarded defendants their attorney's fees incurred after filing their first motion to dismiss.

As in *Loncar*, the Court concludes that sanctions are appropriate for counsel's pursuit of RICO claims against defendants. Both Carlson and the Town defendants raised the issue of plaintiff's inability to establish continuity in their first motions to

---

[7] Plaintiff requests that the Court conduct a hearing on the motions for attorney's fees. Docket No. 174. Because plaintiff has had notice and an opportunity to respond to the motions for attorney's fees, the Court concludes that a hearing is unnecessary. *See Dominion Video Satellite, Inc. v. Echostar Satellite LLC*, 430 F.3d 1269, 1279 (10th Cir. 2005) (holding that notice and an opportunity to respond are the requirements of due process when considering an award of attorney's fees).

8

dismiss. *See* Docket No. 22 at 11-13; Docket No. 36 at 6-8. Carlson's motion cited Tenth Circuit authority indicating that, to establish continuity for a RICO claim, plaintiff must identify more than "a single scheme to accomplish discrete goal, directed at one individual with no potential to extend to other persons or entities." *See* Docket No. 22 at 12 (quoting *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1516 (10th Cir. 1990) (internal quotations omitted)). Rather than withdrawing the RICO claim in response, Mr. Allen filed responses to the motions to dismiss, *see* Docket Nos. 31 and 46, and then filed a motion for leave to file the Second Amended Complaint after Carlson and the Town defendants filed replies. *See* Docket No. 53. The Second Amended Complaint did not cure the identified deficiency in continuity; instead, it claimed the existence of a RICO enterprise with the goal of "alienating [plaintiff] from [her children], rendering her unable to earn a living." *See* Docket No. 68 at 65, ¶ 293; *see also* Docket No. 137 at 10 n.4. The Court ultimately dismissed the RICO claims on the basis that the Second Amended Complaint failed to establish continuity. *See* Docket No. 137 at 10 (noting that "plaintiff is, according to the complaint, the only target of the alleged scheme"). Mr. Allen's pursuit of the RICO claims in the face of this defect thus "manifest[ed] intentional or reckless disregard of [his] duties to the court," particularly in light of this Court's previous sanction of Mr. Allen for similar litigation behavior *See Braley*, 832 F.2d at 1512; *Loncar*, 2011 WL 1211522, at *3. The Court agrees with Judge Varholak's conclusion that Mr. Allen "unreasonably and vexatiously multiplied

9

the proceedings by continuing to pursue the RICO claim" after defendants filed their first motions to dismiss. *See* Docket No. 188 at 16.[8]

Plaintiff's scattershot arguments in response to the defendants' motions fail to persuade the Court that Mr. Allen's pursuit of meritless RICO claims is not sanctionable. First, plaintiff appears to argue that "further factual development," as outlined in her Rule 59 motion, establishes the factual basis for her RICO claims. Docket No. 169 at 4. However, as discussed above, plaintiff's Rule 59 motion fails to establish that she is entitled to reinstatement of her complaint. Even if it did, plaintiff fails to explain why she persisted in the pursuit of RICO claims without attempting to add whatever new facts she believes would establish continuity to her complaint. Second, plaintiff suggests that defendants have not "denied any of the meritorious allegations" in the Second Amended Complaint. *Id*. at 5. This assertion is wholly irrelevant. The purpose of a motion to dismiss under Rule 12(b)(6) is "to test the formal sufficiency of the statement of the claim for relief; the motion is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case." 5B Arthur R. Miller et al., *Federal Practice & Procedure* § 1356 (3d ed. Aug. 2019 update). As a result, a motion to dismiss must accept "well-pleaded factual allegations" as true. *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011). Plaintiff cites to no authority indicating that defendants who do not deny allegations made in a complaint dismissed through a meritorious Rule 12 motion should be considered to have admitted those allegations for the purpose of a sanctions motion.

---

[8] Plaintiff did not file any objection to the magistrate judge's sanctions order.

Third, plaintiff contends that defendants have failed to show that Mr. Allen's litigation conduct was reckless. Docket No. 169 at 6. The Court disagrees. Although plaintiff suggests that counsel's conduct should be viewed subjectively, Tenth Circuit authority is clear that attorney's fees under § 1927 should be imposed "for conduct that, *viewed objectively*, manifests either intentional or reckless disregard of the attorney's duties to the court." *See Braley*, 832 F.2d at 1512 (emphasis added); *see also Hamilton*, 519 F.3d at 1202 (no requirement of bad faith under § 1927).[9] Mr. Allen's pursuit of the RICO claims meets that standard because, viewed objectively, no reasonable attorney would continue to pursue the claim after defendants filed their motions to dismiss. *See Shackelford v. Courtesy Ford, Inc.*, 96 F. Supp. 2d 1140, 1144 (D. Colo. 2000) ("Section 1927 sanctions may be imposed where counsel persists in a position or in prosecution of a claim after it becomes clear that the position or claim is unfounded."); *see also* Docket No. 188 at 16 (Judge Varholak's determination that pursuit of the RICO claim unreasonably and vexatiously multiplied the proceedings). Thus, the Court concludes that the Carlson and the Town defendants are entitled to their reasonable attorney's fees incurred as a result of Mr. Allen's pursuit of the RICO claim after defendants filed their first motions to dismiss. *See Loncar*, 2011 WL 1211522, at *6; *see also Steinert v. Winn Group, Inc.*, 440 F.3d 12114, 1225 (10th Cir. 2006) (upholding sanctions for plaintiff's pursuit of meritless claims in the face of defendant's motion to dismiss).

---

[9] Plaintiff "draw[s] the Court's attention" to twelve cases that she suggests supports her argument. Docket No. 169 at 7-8. However, plaintiff has not explained why any of these out-of-circuit cases support her argument.

11

### B. COCCA Claim

The Court finds that Carlson and the Town defendants have not met their burden to establish that Mr. Allen's conduct was sanctionable as to the COCCA claim. *Cf.* Docket No. 188 at 16-17 (Judge Varholak denying Telluride and Mahoney attorney's fees on the COCCA claim). The Court dismissed the COCCA claim on the basis that the Second Amended Complaint failed to establish an "enterprise" within the meaning of COCCA. *See* Docket No. 137 at 11-14 (observing that the continuity requirement does not apply to COCCA claims). The Town defendants make no specific argument as to why the COCCA claim was sanctionable, and the Court is not persuaded by Carlson's argument that *Loncar*, which dealt with a frivolous RICO claim, supports a sanction for pursuit of the COCCA claim.

### C. Section 1983 Claim

#### 1. *Carlson*

Carlson seeks an award of attorney's fees incurred defending plaintiff's 42 U.S.C. § 1983 claim pursuant to 42 U.S.C. § 1988(b). Under that statute, "[a] prevailing defendant may recover an attorney's fee award only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant." *Hensley v. Eckerhart*, 461 U.S. 424, 429 n.2 (1983). "This is a high bar for a prevailing defendant to meet." *Utah Animal Rights Coalition v. Salt Lake Cty.*, 566 F.3d 1236, 1245 (10th Cir. 2009). As the Tenth Circuit has cautioned, "rarely will a case be sufficiently frivolous to justify imposing attorney fees on the plaintiff." *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1203 (10th Cir. 2000). To find a claim to be frivolous, the Court must conclude that "no

rational argument on the law or the facts could be made in support of [plaintiffs'] claims." *Bennett v. Passic*, 545 F.2d 1260, 1264 (10th Cir. 1976).

The § 1983 claim against Carlson is the rare claim for which an attorney's fee award is appropriate. Plaintiff added the § 1983 claim in the Second Amended Complaint, but, as the Court explained in its order dismissing the case, "offer[ed] no explanation of how Carlson could be liable under [42 U.S.C.] § 1983, as he is a private citizen not acting under color of state law." *See* Docket No. 137 at 14 (citing *Benavidez v. Gunnell*, 722 F.2d 615, 618 (10th Cir. 1983) ("The mere furnishing of information to police officers does not constitute joint action under color of state law which renders a private citizen liable under §§ 1983 or 1985.")). In her response to the motions for sanctions, plaintiff still fails to provide any argument as to why a § 1983 claim against Carlson was non-frivolous. *See* Docket No. 169. The Court finds that there is "no rational argument on the law or on the facts" that could be made in support of plaintiff's § 1983 claim against Carlson. *See Bennett*, 545 F.2d at 1264. Thus, Carlson is entitled to his attorney's fees incurred defending against the claim.[10]

### 2. Town Defendants

The Court dismissed the § 1983 claim against Broady and the Town on different grounds, concluding that plaintiff's complaint failed to allege that a "municipal policy or

---

[10] Carlson and the Town defendants provide affidavits that they claim support their requested award of attorney's fees. *See* Docket No. 147-1; Docket No. 150-1. However, these affidavits do not establish what fees were incurred by plaintiff's continued pursuit of her RICO claim after defendants filed their first motion to dismiss, or by plaintiff's pursuit of a § 1983 claim against Carlson. Thus the Court will order defendants to submit affidavits that are specific to the findings made in this order.

custom" of the Town "led to any alleged constitutional violation." *See* Docket No. 137 at 16. In their motion for attorney's fees, the Town defendants offer no argument as to why they would be entitled to attorney's fees for plaintiff's pursuit of the § 1983 claim. *Cf.* Docket No. 188 at 17-18 (Judge Varholak denying attorney's fees on the § 1983 claim because Telluride and Mahoney failed to "make any argument in the [m]otion that [p]laintiff's assertion of the civil rights claim" was sanctionable). Thus, the Court concludes that the Town defendants have not met their burden to show that plaintiff's § 1983 claim against them was vexatious or frivolous.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Town defendants' Motion for Attorneys Fees Pursuant to 28 U.S.C. § 1927 [Docket No. 147] is **GRANTED IN PART** and **DENIED IN PART**. It is further

**ORDERED** that Defendant Brian Y. Carlson's Motion for Attorney Fees Pursuant to 28 U.S.C. § 1927 [Docket No. 150] is **GRANTED IN PART** and **DENIED IN PART**. It is further

**ORDERED** that Plaintiff Julie Carlson's Motion for New Trial and Related Relief Pursuant to Fed. R. Civ. P. Rule 59 to Vacate this Court's Judgment Entered on April 18, 2019 and the Court's Order Leading to that Judgment (Doc 137), to Provide Leave for Plaintiff to Amend Her Pleadings to Reflect the Facts and Evidence Established in her May 15, 2019 Affidavit and Related Developments [Docket No. 157] is **DENIED**. It is further

**ORDERED** that Plaintiff's Request for Hearing on Pending Motions for Sanctions Against Plaintiff's Counsel [Docket No. 174] is **DENIED**. It is further

**ORDERED** that on or before May 15, 2020, defendants shall file affidavits complying with D.C.COLO.LCivR 54.3 documenting the fees incurred by the unreasonable multiplication of the proceedings, as consistent with this order.

DATED March 19, 2020.

BY THE COURT:

_signature_

PHILIP A. BRIMMER
Chief United States District Judge