IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 17-cv-02887-PAB-STV

JULIE CARLSON,

    Plaintiff,

v.

ANTHONY MORABITO;
KIP ALBANESE;
NATHAN SANTOS;
TOM HALPER;
CHRIS WHITE;
JOSHUA M. KLIMASEWISKI;
ALISIA KLIMASEWSKI;
COLLEEN MAHONEY;
TELLURIDE R-1 SCHOOL DISTRICT;
VIRGINIA ACHTER;
APEX CONSTRUCTION, LLC;
CONNECT SKIS, LLC;
JOHN DOE DEFENDANTS ONE THROUGH FIVE;
MARY DOE DEFENDANTS ONE THROUGH FIVE; and
DOE INSTITUTIONAL DEFENDANTS ONE THROUGH FIVE,

    Defendants.

## ORDER

This matter is before the Court on defendant Telluride R-1 School District's Request for Entry of Judgment Pursuant to Fed. R. Civ. P. 58(d) [Docket No. 200]. On December 13, 2019, Magistrate Judge Scott T. Varholak ordered plaintiff's counsel, George Allen, to pay Telluride R-1 School District (the "School District") and Colleen Mahoney, the former principal of Telluride Elementary School, reasonable attorneys'

1

fees and costs in the amount of $12,196.18.  Docket Nos. 130 at 2, 191.  Now the School District moves the Court to enter judgment under Fed. R. Civ. P. 58(a) and (b)(2).  Docket No. 200.

## I. BACKGROUND

This case arose out of the breakdown of the marriage between plaintiff and defendant Brian Carlson.  Plaintiff alleged that, due to "an unlawful and extortionate conspiracy . . . organized and implemented by her former husband," she was wrongfully jailed and otherwise prevented from having contact with her children.  Docket No. 68 at 12, ¶ 10.  On December 3, 2017, plaintiff filed this action.  Docket No. 1.  In the Second Amended Complaint, plaintiff asserted five claims for relief: (1) damages for violations of the Racketeer Influenced and Corrupt Organizations Act of 1970 ("RICO"), 18 U.S.C. §§ 1961-1968; (2) equitable relief for violations of RICO; (3) damages and forfeiture of property under the Colorado Organized Crime Control Act ("COCCA"), Colo. Rev. Stat. §§ 18-17-106 *et seq*.; (4) damages under the Civil Rights Acts of 1871, 42 U.S.C. §§ 1981-1988; and (5) injunctive relief.  Docket No. 68 at 74-81, ¶¶ 337-361.

Defendants Carlson, the Town of Mountain Village, Chris Broady, Kip Albanese, Nathan Santos, Mahoney, the School District, and Tom Halper filed or joined motions to dismiss.  Docket Nos. 72, 75, 101, 106, 124, 125, 129.  Defendants Morabito, Joshua Klimasewski, Alisia Klimasewiski, Virginia Achter, Apex Construction, LLC, and Connect Skis, LLC have not entered appearances.  On March 14, 2019, the School District and Mahoney filed a motion for sanctions under Fed. R. Civ. P. 11(c)(2) and 28 U.S.C. § 1927 and requested that the Court hold plaintiff's counsel, George Allen, jointly and

severally liable for the School District and Mahoney's fees.  Docket No. 130 at 9.  On March 25, 2019, the Court granted defendants Town of Mountain Village, Chris Broady, and Carlson's motions to dismiss second amended complaint.  Docket No. 137 at 16.  Plaintiff filed a notice of voluntary dismissal as to all other defendants on the same day.  Docket No. 138 at 2.

On April 18, 2019, the Court entered final judgment, dismissing with prejudice plaintiff's claims against defendants Town of Mountain Village, Chris Broady, and Carlson.  Docket No. 144 at 2.  On June 4, 2019, Judge Varholak held a hearing on the School District and Mahoney's motion for sanctions.  Docket No. 172.  On November 7, 2019, Judge Varholak granted in part and denied in part the motion, finding that sanctions were appropriate under Rule 11 and Section 1927 as to the RICO claim brought against them by plaintiff.  Docket No. 188 at 18.  Judge Varholak ordered Mr. Allen to pay all reasonable fees and costs incurred as a result of his pursuit of the RICO claim after the School District and Mahoney moved to dismiss the second amended complaint.  *Id.*

On November 21, 2019, the School District and Mahoney filed an affidavit regarding fees and costs incurred.  Docket No. 189.  Plaintiff did not respond to this affidavit.  On December 13, 2019, Judge Varholak found the attorneys' fees and costs reasonable and ordered Mr. Allen to pay them in the amount of $12,196.18.  Docket No. 191.

## II. ANALYSIS

The School District cites Rule 58(a) and (b)(2) to support its motion for judgment.  Docket No. 200 at 1.  Rule 58(a) states that "[e]very judgment and amended judgment

3

must be set out in a separate document, but a separate document is not required for an order disposing of a motion . . . (3) for attorney's fees under Rule 54." Fed. R. Civ. P. 58(a). Rule 58(b)(2) states that "[s]ubject to Rule 54(b), the court must promptly approve the form of judgment, which the clerk must promptly enter when . . . (B) the court grants other relief not described in this subdivision (b)." Fed. R. Civ. P. 58(b)(2). Rule 58(d) allows a party to request that a judgment be "set out in a separate document as required by Rule 58(a)." Fed. R. Civ. P. 58(d).

Rule 54(d)(2) provides the procedure for entering a judgment for attorney's fees. However, Rule 54(d)(2)(E) states that "[s]ubparagraphs (A)-(D) do not apply to claims for fees and expenses as sanctions for violating these rules or sanctions under 28 U.S.C. § 1927." Fed. R. Civ. P. 54(d)(2)(E). Thus, the question becomes whether attorney's fees and costs awarded under Rule 11 and Section 1927 are "attorney's fees under Rule 54," such that entry of a separate judgment is not required under Rule 58(a). Fed. R. Civ. P. 58(a)(3). There is conflicting caselaw on this issue.

In *Feldman v. Olin Corp.*, 673 F.3d 515 (7th Cir. 2012), plaintiff's lawyers argued that, because an award of attorneys' fees was based in part on Rule 11 sanctions, the award was outside the scope of Rule 54. *Id.* at 516. They contended that, as a result, the attorneys' fees were not covered by Rule 58(a)(3) and therefore required a separate judgment. *Id.* at 516–17.

The court rejected the argument, holding that "[a]ll that the reference in Rule 58(a)(3) to 'an order disposing of a motion for attorney's fees *under* Rule 54' (emphasis added) can sensibly be understood to mean is that Rule 54, the rule on judgments,

4

makes awards of attorneys' fees one type of judgment and Rule 58 designates it as a type of judgment for which a separate judgment document is not required." *Id.* at 517. The court further held that the fact that the attorneys' fees were awarded under Rule 11 instead of Rule 54 made no difference as to the requirement of entering a separate judgment. *Id.* This was because Rule 54 specifies procedures for asking for attorneys' fees that are inapplicable to a Rule 11 motion because Rule 11 has its own procedures. *Id.* "Rule 58 should not be read to mean that some motions for awards of attorney's fees are 'under' Rule 54 and others are 'under' something else and therefore require a separate judgment . . . ." *Id.*

In *United States v. Business Recovery Servs., L.L.C.*, 2012 WL 3064253, at *2 (D. Ariz. July 26, 2012), the court followed *Feldman* and declined to enter a separate judgment for attorney's fees associated with contempt proceedings. *Id.*

The court in *Mason Tenders Dist. Council of Greater New York v. Phase Constr. Serv., Inc.*, found that Rule 58 prevented it from entering a separate judgment for reasonable expenses under Rule 37(a)(5)(A) for motions to compel discovery. 2018 WL 4682012, at *2-3 (S.D.N.Y. Sept. 28, 2018).

> Because Rule 58(d) only allows parties to move for a separate judgment document as required by 58(a) and because Rule 58(a) does not require a separate judgment for any award of attorney's fees and costs, even one involving sanctions, the Court finds that it lack the power to enter a separate judgment document pursuant to a Rule 58(d) motion.

*Id.* at *3.

Some courts, however, enter a separate judgment before the litigation concludes. "Courts routinely enter judgment in the amount of sanctions when an

5

attorney fails to satisfy the amount of the sanction award, even when the overarching litigation is not yet terminated." *Burgie v. Euro Brokers, Inc.*, 2008 WL 4185701, at *8 (E.D.N.Y. Sept. 8, 2008) (citing *Caidor v. Fed-Ex Home Delivery*, 2007 WL 2693609, at *6 (N.D.N.Y. Sept. 11, 2007); *Knipe v. Skinner*, 1993 WL 241329, at *1 (N.D.N.Y. June 25, 1993)). In *Burgie,* the court entered judgment requiring counsel for the plaintiff to pay sanctions representing part of the defendant's costs and fees associated with making the sanctions motion. *Id*. at *2, 8.

The court in *Rodriguez v. ACCC Ins. Co.*, 2019 WL 9270456, at *1 (D. Ariz. May 10, 2019), concluded that a separate judgment for attorneys' fees and costs was likely not necessary under Rule 58, but was also not prohibited. *Id.* The court elected to enter a separate judgment to avoid any possible confusion surrounding the appealability of the order for attorneys' fees because other claims were still pending. *Id.* Similarly, the court in *Stingray Music USA, Inc. v. UCAST LLC*, 2020 WL 2489069, at *2 (S.D.N.Y. May 14, 2020), entered final judgment of sanctions imposed for discovery violations while the underlying litigation continued.

The Court agrees with *Rodriguez,* 2019 WL 9270456, at *1, that Rule 58 does not prohibit the entry of judgment for attorneys' fees. The Court enters judgment for Telluride R-1 School District against Mr. Allen in the amount of $12,196.18.

Accordingly, it is

**ORDERED** that Telluride R-1 School District's Request for Entry of Judgment Pursuant to Fed. R. Civ. P. 58(d) [Docket No. 200] is **GRANTED.**

DATED November 16, 2020.

                            BY THE COURT:

                            PHILIP A. BRIMMER
                            Chief United States District Judge