IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 17-cv-02887-PAB-STV

JULIE CARLSON,

    Plaintiff,

v.

ANTHONY MORABITO;
KIP ALBANESE;
NATHAN SANTOS;
TOM HALPER;
CHRIS WHITE;
JOSHUA M. KLIMASEWISKI;
ALISIA KLIMASEWSKI;
COLLEEN MAHONEY;
TELLURIDE R-1 SCHOOL DISTRICT;
VIRGINIA ACHTER;
APEX CONSTRUCTION, LLC;
CONNECT SKIS, LLC;
JOHN DOE DEFENDANTS ONE THROUGH FIVE;
MARY DOE DEFENDANTS ONE THROUGH FIVE; and
DOE INSTITUTIONAL DEFENDANTS ONE THROUGH FIVE,

    Defendants.

---

## ORDER

---

This matter is before the Court on the Request for Entry of Judgment Pursuant to Fed. R. Civ. P. 58(d) [Docket No. 203] filed by defendants Town of Mountain Village, Colorado, Chris Broady, Nathan Santos, and Kip Albanese (the "Town defendants"). On September 30, 2020, the Court ordered plaintiff's counsel, George Allen ("Allen"), to pay the Town defendants reasonable attorneys' fees and costs in the amount of

1

$31,830.00.  Docket No. 198.  On December 14, 2020, the Town defendants moved the Court to enter judgment under Fed. R. Civ. P. 58(a) and (b)(2).  Docket No. 203.  Allen has not responded.

## I. BACKGROUND

This case arose out of the breakdown of the marriage between plaintiff and defendant Brian Carlson.  Plaintiff alleged that, due to "an unlawful and extortionate conspiracy . . . organized and implemented by her former husband," she was wrongfully jailed and otherwise prevented from having contact with her children.  Docket No. 68 at 12, ¶ 10.  On December 3, 2017, plaintiff filed this action.  Docket No. 1.  In the Second Amended Complaint, plaintiff asserted five claims for relief: (1) damages for violations of the Racketeer Influenced and Corrupt Organizations Act of 1970 ("RICO"), 18 U.S.C. §§ 1961-1968; (2) equitable relief for violations of RICO; (3) damages and forfeiture of property under the Colorado Organized Crime Control Act ("COCCA"), Colo. Rev. Stat. §§ 18-17-106 *et seq*.; (4) damages under the Civil Rights Acts of 1871, 42 U.S.C. §§ 1981-1988; and (5) injunctive relief.  Docket No. 68 at 74-81, ¶¶ 337-361.

Defendants Carlson, the Town of Mountain Village, Chris Broady, Kip Albanese, Nathan Santos, Colleen Mahoney, Telluride R-1 School District, and Tom Halper filed or joined motions to dismiss.  Docket Nos. 72, 75, 101, 106, 124, 125, 129.  Defendants Anthony Morabito, Joshua Klimasewski, Alisia Klimasewiski, Virginia Achter, Apex Construction, LLC, and Connect Skis, LLC have not entered appearances.  On March 25, 2019, the Court entered an order granting the motions to dismiss by Carlson, the Town of Mountain Village, and Chris Broady.  Docket No. 137 at 16.  That same day,

twenty-seven minutes after the Court entered its order, plaintiff filed a "notice of dismissal" of the case pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).  Docket No. 138.  On April 18, 2019, the Court entered final judgment, dismissing with prejudice plaintiff's claims against defendants Town of Mountain Village, Chris Broady, and Carlson.  Docket No. 144 at 2.

On April 26, 2019, the Town defendants filed a motion seeking attorney's fees from plaintiff's counsel, George Allen, under 28 U.S.C. § 1927.  Docket No. 147.  On March 19, 2020, the Court entered an order granting in part and denying in part Town defendants' motion for attorney's fees, finding that sanctions were appropriate under Section 1927 as to the RICO claim brought against them by plaintiff.  Docket No. 193 at 11.  The Court ordered Allen to pay all reasonable fees and costs incurred as a result of his pursuit of the RICO claim after Town defendants filed their first motion to dismiss.  *Id.*

On May 15, 2020, the Town defendants filed an affidavit regarding fees and costs incurred.  Docket No. 194.  Allen did not respond to this affidavit.  On September 30, 2020, the Court found the attorney's fees and costs reasonable and ordered Allen to pay them in the amount of $31,830.00.  Docket No. 198 at 2.  On October 14, 2020, defendant Telluride R-1 School District filed a motion for judgment regarding an award of reasonable attorney's fees under Rule 11 and Section 1927 that Magistrate Judge Varholak entered against Allen on December 13, 2019.  Docket No. 200.  The Court granted this motion and entered judgment in favor of Telluride R-1 School District and against Allen.  Docket Nos. 201, 202.  Town defendants seek the same relief in their motion.  *See* Docket Nos. 200, 203.

The Town defendants cite Rule 58(a) and (b)(2) to support their motion for judgment. Docket No. 203 at 2. Rule 58(a) states that "[e]very judgment and amended judgment must be set out in a separate document, but a separate document is not required for an order disposing of a motion . . . (3) for attorney's fees under Rule 54." Fed. R. Civ. P. 58(a). Rule 58(b)(2) states that "[s]ubject to Rule 54(b), the court must promptly approve the form of judgment, which the clerk must promptly enter when . . . (B) the court grants other relief not described in this subdivision (b)." Fed. R. Civ. P. 58(b)(2). Rule 58(d) allows a party to request that a judgment be "set out in a separate document as required by Rule 58(a)." Fed. R. Civ. P. 58(d).

The Court has previously considered whether a separate judgment is appropriate in this circumstance. *See* Docket No. 201. The Court will not repeat its discussion from the previous order, but rather adopts that reasoning and grants Town defendants' motion. The Court enters judgment for the Town defendants against Allen in the amount of $31,830.00.

Accordingly, it is

**ORDERED** that the Request for Entry of Judgment Pursuant to Fed. R. Civ. P. 58(d) [Docket No. 203] filed by the Town of Mountain Village, Colorado, Chris Broady, Nathan Santos, and Kip Albanese is **GRANTED**.

DATED January 12, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge