IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 17-cv-02887-PAB-STV

JULIE CARLSON,

      Plaintiff,

v.

ANTHONY MORABITO;
KIP ALBANESE;
NATHAN SANTOS;
TOM HALPER;
CHRIS WHITE;
JOSHUA M. KLIMASEWISKI;
ALISIA KLIMASEWSKI;
COLLEEN MAHONEY;
TELLURIDE R-1 SCHOOL DISTRICT;
VIRGINIA ACHTER;
APEX CONSTRUCTION, LLC;
CONNECT SKIS, LLC;
JOHN DOE DEFENDANTS ONE THROUGH FIVE;
MARY DOE DEFENDANTS ONE THROUGH FIVE; and
DOE INSTITUTIONAL DEFENDANTS ONE THROUGH FIVE,

      Defendants.

---

## ORDER

---

This matter is before the Court on the Request for Entry of Judgment Pursuant to Fed. R. Civ. P. 58(d) [Docket No. 206] filed by defendant Brian Carlson ("Carlson"). On September 30, 2020, the Court ordered plaintiff to pay Carlson $1,537.93 in attorney's fees pursuant to 42 U.S.C. § 1988(b) and plaintiff's counsel, George Allen ("Allen"), to pay Carlson sanctions in the amount of $29,145.57 pursuant to 28 U.S.C. § 1927.

Docket No. 198 at 2.  On January 19, 2021, Carlson moved the Court to enter judgment under Fed. R. Civ. P. 58(a) and (b)(2).  Docket No. 206.  Neither plaintiff nor Allen have responded.

## I. BACKGROUND

This case arose from the breakdown of plaintiff and defendant Carlson's marriage.  Plaintiff alleged that, due to "an unlawful and extortionate conspiracy . . . organized and implemented by her former husband," she was wrongfully jailed and otherwise prevented from having contact with her children.  Docket No. 68 at 12, ¶ 10.  On December 3, 2017, plaintiff filed this action.  Docket No. 1.  In the Second Amended Complaint, plaintiff asserted five claims for relief: (1) damages for violations of the Racketeer Influenced and Corrupt Organizations Act of 1970 ("RICO"), 18 U.S.C. §§ 1961-1968; (2) equitable relief for violations of RICO; (3) damages and forfeiture of property under the Colorado Organized Crime Control Act ("COCCA"), Colo. Rev. Stat. §§ 18-17-106 *et seq*.; (4) damages under the Civil Rights Acts of 1871, 42 U.S.C. §§ 1981-1988; and (5) injunctive relief.  Docket No. 68 at 74-81, ¶¶ 337-361.

Defendants Carlson, the Town of Mountain Village, Chris Broady, Kip Albanese, Nathan Santos, Colleen Mahoney, Telluride R-1 School District, and Tom Halper filed or joined motions to dismiss.  Docket Nos. 72, 75, 101, 106, 124, 125, 129.  Defendants Anthony Morabito, Joshua Klimasewski, Alisia Klimasewiski, Virginia Achter, Apex Construction, LLC, and Connect Skis, LLC have not entered appearances.  On March 25, 2019, the Court entered an order granting the motions to dismiss by Carlson, the Town of Mountain Village, and Chris Broady.  Docket No. 137 at 16.  That same day, twenty-seven minutes after the Court entered its order, plaintiff filed a "notice of

dismissal" of the case pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).  Docket No. 138.  On

April 18, 2019, the Court entered final judgment, dismissing with prejudice plaintiff's

claims against defendants Town of Mountain Village, Chris Broady, and Carlson.

Docket No. 144 at 2.

On May 2, 2019, Carlson filed a motion seeking attorney's fees under 42 U.S.C.

§ 1988(b) and 28 U.S.C. § 1927.  Docket No. 150.  On March 19, 2020, the Court

entered an order granting in part and denying in part Carlson's motion for attorney's

fees, finding that sanctions were appropriate under 28 U.S.C. § 1927 as to the RICO

claim and that attorney's fees were appropriate under 42 U.S.C. § 1988(b) as to the

§ 1983 claim.  Docket No. 193 at 11-13.  The Court ordered Allen to pay all reasonable

fees and costs incurred as a result of his pursuit of the RICO claim after Carlson and

the Town defendants[1] filed their first motions to dismiss and ordered plaintiff to pay

Carlson's attorney's fees spent defending against the § 1983 claim.  *Id.*

On May 15, 2020, Carlson filed an affidavit regarding fees and costs incurred.

Docket No. 195-1.  The Court found that the affidavit did not properly distinguish

between those fees incurred as a result of the RICO claim versus the § 1983 claim,

which was necessary because the sanctions for the RICO claim were entered against

Allen while the award of attorney's fees for the § 1983 claim was entered against

plaintiff.  Docket No. 196.  Carlson filed a second affidavit complying with the Court's

order, which neither Allen nor plaintiff responded to.  *See* Docket No. 197.  On

September 30, 2020, the Court found the attorney's fees and costs reasonable and

---

[1] The Town defendants are the Town of Mountain Village, Chris Broady, Nathan
Santos, and Kip Albanese.  Docket No. 193 at 1.

ordered Allen to pay $29,145.57 and plaintiff to pay $1,537.93 to Carlson.  Docket No. 198 at 2.

On October 14, 2020, defendant Telluride R-1 School District filed a motion for judgment regarding an award of reasonable attorney's fees under Fed. R. Civ. P. 11 and 28 U.S.C. § 1927 that Magistrate Judge Varholak entered against Allen on December 13, 2019.  Docket No. 200.  The Court granted this motion and entered judgment in favor of Telluride R-1 School District and against Allen.  Docket Nos. 201, 202.  On December 14, 2020, the Town of Mountain Village, Kip Albanese, Chris Broady, and Nathan Santos filed a motion seeking the same relief, which the Court granted.  *See* Docket Nos. 203, 204.  On January 19, 2021, Carlson filed a motion seeking entry of judgment against plaintiff and Allen regarding the sanctions and attorney's fees entered against them by the Court.  Docket No. 206 at 1.

## II.  ANALYSIS

Carlson cites Rule 58(a), (b)(2), and (d) to support his motion for judgment. Docket No. 206 at 2.  Rule 58(a) states that "[e]very judgment and amended judgment must be set out in a separate document, but a separate document is not required for an order disposing of a motion . . . (3) for attorney's fees under Rule 54."  Fed. R. Civ. P. 58(a).  Rule 58(b)(2) states that, "[s]ubject to Rule 54(b), the court must promptly approve the form of the judgment, which the clerk must promptly enter when . . . (B) the court grants other relief not described in this subdivision (b)."  Fed. R. Civ. P. 58(b)(2). Rule 58(d) allows a party to request that a judgment be "set out in a separate document as required by Rule 58(a)."  Fed. R. Civ. P. 58(d).

The Court has previously considered whether a separate judgment is appropriate

for an award of attorney's fees as sanctions under 28 U.S.C. § 1927 and Fed. R. Civ. P.

11.  *See* Docket No. 201.  The Court will not repeat its discussion from the previous

order, but rather adopts that reasoning and will grant Carlson's motion for a separate

judgment based on the $29,145.57 ordered as sanctions pursuant to 28 U.S.C. § 1927.

However, the previous order of the Court did not discuss entry of a separate

judgment for attorney's fees pursuant to 42 U.S.C. § 1988(b).  Carlson requests entry of

judgment for the $1,537.93 awarded as attorney's fees under 42 U.S.C. § 1988(b).

Docket No. 206 at 1.  A court may award "a reasonable attorney's fee as part of the

costs" under section 1988(b).  42 U.S.C. § 1988(b); *see also Felders v. Bairett*, 885

F.3d 646, 649 n.1 (10th Cir. 2018) (noting that attorney's fees in an action under 42

U.S.C. § 1983 are awarded to the prevailing party as part of costs).  Carlson cites Fed.

R. Civ. P. 58(a) and (b)(2) to show that he is entitled to a separate judgment for

attorney's fees awarded pursuant to 42 U.S.C. § 1988(b).  *See* Docket No. 206 at 1-2.

While a separate judgment is not necessary under Rule 58(a), the Court does not

believe that Rule 58 prohibits a separate judgment either.  *See Rodriguez v. ACCC Ins.*

*Co.*, 2019 WL 9270456, at *1 (D. Ariz. May 10, 2019), *rev'd on other grounds by,*

*Rodriguez v. ACCC Ins. Co.*, 833 F. App'x 82 (9th Cir. 2020) (unpublished) (concluding

that separate judgment for attorney's fees was not required under Rule 58 but also was

not prohibited); *see also Duran v. Koehler*, No. 10-cv-02569-REB-KMT, 2014 WL

4197578, at *4 (D. Colo. Aug. 25, 2014) (amending final judgment to include award of

attorney's fees under 42 U.S.C. § 1988(b)); *Martinez v. Valdez*, 125 F. Supp. 3d 1190,

1216 (D. Colo. 2015) (granting in part motion for attorney's fees pursuant to 42 U.S.C.

§ 1988 and ordering that judgment consistent with order enter).  Therefore, the Court

enters judgment for Carlson against Allen in the amount of $29,145.57.  Additionally,

the Court enters judgment for Carlson against plaintiff in the amount of $1,537.93.

Accordingly, it is

**ORDERED** that the Request for Entry of Judgment Pursuant to Fed. R. Civ. P.

58(d) [Docket No. 206] filed by Brian Carlson is **GRANTED**.

DATED August 18, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge